UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                         )<br>)<br>FIFTY-NINE (59) FIREARMS,     )<br>)<br>                    *Defendants.*   ) | cv  CV414-074 |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES the plaintiff, the UNITED STATES OF AMERICA, by and through Edward J. Tarver, United States Attorney for the Southern District of Georgia, and brings its complaint alleging as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION AND BASIS FOR FORFEITURE

1. This is a civil action *in rem* to forfeit property to the United States.

2. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) because it constitutes firearms involved in or used in knowing violations of 18 U.S.C. § 922(g) under the Gun Control Act of 1968 (GCA), as further described below.

### STATUTORY BACKGROUND

3. The Gun Control Act of 1968, as amended, 18 U.S.C. Chapter 44, makes it unlawful for any person: To receive, possess, sell or dispose of any stolen firearm which firearm had been shipped in interstate or foreign commerce; to steal a firearm from the person or premises of a person who is a federally licensed

firearms dealer, which firearm was in the inventory of the dealer and had been shipped or transported in interstate commerce; and who had previously been convicted of a crime punishable for a term of imprisonment exceeding one year, to knowingly possess a firearm that had been shipped or transported in interstate or foreign commerce; in violation of 18 U.S.C. §§ 922(g), (j) and (u). 18 U.S.C. § 924(d)(1) provides that any firearm involved in or used in any knowing violation of section 922(g) or (j), or any willful violation of section 922(u) shall be subject to seizure and forfeiture.

## THE DEFENDANT IN REM

4. The Defendant Property consists of the following firearms:

1. Glock Pistol, Model 22, Gen. 4, SN: UUB704;
2. Ruger Pistol, Model LC9, SN: 324-00390;
3. Taurus Revolver, Model 4510, SN: GN745371;
4. Ruger Pistol, LCP Model, SN: 371077675;
5. Glock Pistol, Model 26, SN: UTY884;
6. Ruger Pistol, LCP Model, SN: 371078535;
7. SCCY Industries Pistol, Model CPX-1, SN: 087182;
8. Smith & Wesson Pistol, M&P Model, SN: HPX3460;
9. Smith & Wesson Pistol, Bodyguard Model, SN: CUH1418;
10. Smith & Wesson Pistol, Bodyguard Model, SN: CUH1409;
11. Sig Sauer Pistol, Equinox Model, SN: 52B002357;
12. Remington Arms Rifle, Model 700, SN: RR65009C;
13. Glock Pistol, Model 19, Gen. 4, SN: VYA334;

14. Smith & Wesson Pistol, Bodyguard Model, SN: KAN8998;

15. Sig Sauer Pistol, Model P238, SN: 27A226686;

16. Glock Pistol, Model 32, Gen. 4, SN: UGE846;

17. Glock Pistol, Model 17, SN: UZT303;

18. Smith & Wesson Pistol, Bodyguard Model, SN: KAN8069;

19. Smith & Wesson Pistol, Model 360, SN: CRR4372;

20. Glock Pistol, Model 19, Gen. 4, SN: VKZ599;

21. Smith & Wesson Pistol, Model 642, SN: CUE9235;

22. Springfield Armory Pistol, Model DS, SN: XS923274;

23. Glock Pistol, Model 22, SN: UWZ214;

24. Glock Pistol, Model 21, SN: VGC428;

25. Glock Pistol, Model 32C, SN: UUS640;

26. Kimber Pistol, Eclipse Pro Model, SN: KR190412;

27. Glock Pistol, Model 23C, SN: VMV485;

28. Glock Pistol, Model 23C, SN: VMV483;

29. Glock Pistol, Model 21SF, SN: VBN563;

30. Glock Pistol, Model 17, Gen. 4, SN: AAGB816;

31. Glock Pistol, Model 30S, SN: ULG035;

32. Glock Pistol, Model G22, Gen. 4, SN: UWZ166;

33. Smith & Wesson Pistol, M&P Shield Model, SN: HRB2762;

34. Daniel Defense, Inc. Rifle, Model DDM14V7, SN: DD006552C;

35. Mag Tactical Systems, LLC Rifle, SN: MTS04995;

36. Glock Pistol, Model 17C, SN: VTT773;

37. Glock Pistol, Model 30S, SN: ULG024;

38. Glock Pistol, Model 34, SN: ULK958;

39. Ruger Pistol, LCR Model, SN: 548-49712;

40. Colt Pistol, Mustang Model, SN: PL102106;

41. Charter Arms Revolver, UC Lite Model, SN: 13-25299;

42. Glock Pistol, Model 31, SN: ULM406;

43. Ruger Pistol, LCP Model, SN: 371077576;

44. Kahr Arms Pistol, CW9 Model, SN: EI8130;

45. Glock Pistol, Model 17, SN: VUU113;

46. Smith & Wesson Pistol, Bodyguard Model, SN: KAN8088;

47. Smith & Wesson Pistol, Model MP9, SN: HPL2353;

48. Smith & Wesson Pistol, M&P Shield Model, SN: HPV5613;

49. Kimber Pistol, Ultra Carry II Model, SN: KU223556;

50. Glock Pistol, Model 32, Gen. 4, SN: UGE893;

51. Ruger Pistol, LCP Model, SN: 371121807;

52. Glock Pistol, Model 19, Gen. 4, SN: UWB456;

53. Smith & Wesson Pistol, Model MP9, SN: HPL0743;

54. Colt Pistol, Mustang Model, SN: PL104879;

55. SCCY Pistol, CPX Model, SN: 090746;

56. Glock Pistol, Model 34, Gen. 4, SN: VDL919;

57. Smith & Wesson Pistol, M&P Model, SN: HRB4683;

58. Glock Pistol, Model 30S, SN: UDG781; and

59. Remington Arms Rifle, Model 700, SN: RR30479C

(collectively, "Defendant Property"), which were reported stolen between on or about June 13, 2013, and on or about October 15, 2013, from Patrick's Uniform and Gun Range ("Patrick's"), a federally licensed firearms dealer in Garden City, Georgia. The Defendant Property is currently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6. Venue is proper pursuant to 28 U.S.C. § 1395 as the Defendant Property was seized in this district.

## FACTS

7. On or about October 15, 2013, the owners of Patrick's contacted the Garden City Police Department to report that a former employee, Christopher Adam Edgecombe ("Edgecombe"), had stolen numerous firearms from Patrick's. Specifically, it was alleged that the Defendant Property was stolen by Edgecombe, a previously convicted felon, who then sold the Defendant Property to a person identified herein as "J.L.", a representative of Ortiz Custom Guns, LLC ("Ortiz"), a federally licensed firearms dealer in Savannah, Georgia; and that the firearms were then put into the inventory of Ortiz.

8. ATF agents conducted a follow up investigation and determined that J.L. apparently was unaware that the Defendant Property had been stolen when he

purchased the firearms for resale at Ortiz's business. Approximately twenty one of the firearms were subsequently sold by Ortiz to customers who were unaware that the firearms had been stolen. ATF agents recovered Defendant Property from unwitting purchasers, Ortiz's firearms business and the Garden City Police Department.

9. ATF published Notice of Administrative Forfeiture online at www.forfeiture.gov.

## CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that the Defendant Property be forfeited to the United States pursuant to the provisions of 18 U.S.C. § 924(d)(1), and that the Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems just and proper.

This 7th day of April, 2014.

                                EDWARD J. TARVER
                                UNITED STATES ATTORNEY

                                */s/ Jeffrey J. Buerstatte*

                                Jeffrey J. Buerstatte
                                Assistant United States Attorney
                                Georgia Bar No. 093416

22 Barnard Street, Suite 300
Savannah, Georgia 31401
(912) 652-4422

## VERIFICATION OF COMPLAINT FOR FORFEITURE

I, Brian Moore, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct

This 7th day of April, 2014.

Brian Moore
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives