FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 FEB -2 PM 12:52
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
v. ) CASE NO. CV414-074
)
FIFTY-NINE (59) FIREARMS, )
)
    Defendants. )
)

## ORDER

Before the Court is the Government's Motion to Strike Claimant's Counterclaim. (Doc. 51.) In its motion, the Government seeks to strike Claimant George F. Whitaker's counterclaim against the Government. No response has been filed in opposition to the motion.

In his Verified Answer and Counterclaim, Claimant Whitaker asserts that he is the lawful and proper owner of one Glock Pistol, Model 30S, SN: UDG781 ("Firearm 58"), but also purports to bring a counterclaim against the Government for "attorney fees and costs." (Doc. 47 at 2.) As the Government points out in its motion, counterclaims are not usually permitted in civil forfeiture actions. See United States v. $89,600 in U.S. Currency, 2011 WL 4549604, at *2 (S.D. Ga. Sept. 29, 2011) (unpublished). Because a civil forfeiture action is against the property in rem, a claimant has no standing upon which to file a counterclaim. See United States v. Assorted Computer Equip.,

2004 WL 784493, at *2 (W.D. Tenn. Jan. 9, 2004) (unpublished) ("Counterclaims are generally not allowed by third parties in civil in rem forfeiture proceedings.").

However, Claimant Whitaker's "counterclaim" appears to be nothing more than a request for attorney's fees and costs. Such relief is not only permissible in a civil forfeiture action, but is mandated by statute: "in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A). Quite simply, despite Claimant Whitaker's mischaracterization of the request as a counterclaim, there is nothing impermissible about the relief he seeks. As prescribed by 28 U.S.C. § 2465(b)(1)(A), Claimant Whitaker may pursue the requested attorney fees and costs should he ultimately "substantially prevail" in this action. Accordingly, the Government's motion is **DENIED**.

SO ORDERED this 2nd day of February 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA